IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,　　　　　　　　　No. CIV S-07-0694 FCD DAD P

    vs.

J. JONES, et al.,

    Defendants.　　　　　　　ORDER
_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

In the present case, plaintiff has identified as defendants Correctional Officer J. Jones and Lieutenant B. Hammans.

Plaintiff alleges that he informed defendant Jones that his cell had a plumbing problem that was in need of repair. Two inmate plumbers tried but were unable to fix the plumbing. They told defendant Jones and plaintiff that a staff plumber should handle the problem. They also informed defendant Jones and plaintiff that the cell had unsanitary conditions. Raw sewage had spilled over the sink area and surrounding floor area.

Plaintiff offered to clean the cell and requested plastic gloves and disinfectant, but defendant Jones refused his requests. Defendant Jones said "Alright lock it up," suggesting to plaintiff and his cellmate to return to their cell. Plaintiff told defendant Jones that he was going to file a 602 against him for attempting to make them go back into an unsanitary cell without the necessary cleaning supplies. Plaintiff also requested to see a sergeant. In response, defendant Jones gave plaintiff and his cellmate a "direct order" to go back into the cell. Plaintiff refused and asked again to see a sergeant. Defendant Jones declined the request and warned plaintiff that he was going to call floor correctional staff to escort plaintiff and his cellmate to holding cells for administrative segregation.

Plaintiff explained to defendant Jones that he was not going back into the cell. Defendant Jones called Correctional Officers Till and Bishop. Plaintiff requested they look into the cell to see its condition. The officers did so and agreed that they too would not go into the cell.

/////

/////

1    Correctional Officer Till then handcuffed plaintiff and his cellmate and escorted
2 them to holding cells.  Plaintiff asked Correctional Officer Till to tell Sergeant Kennedy about
3 the conditions of the cell.
4    Sergeant Kennedy later informed plaintiff that he had spoken to Correctional
5 Officer Till and decided to condemn the cell because of the plumbing.  Sergeant Kennedy then
6 released plaintiff and his cellmate to pack up their property and move to another cell.  Plaintiff
7 informed Sergeant Kennedy that he was willing to clean the cell, and Sergeant Kennedy
8 instructed Correctional Officer Till to escort plaintiff and his cellmate back to the cell and supply
9 them with plastic gloves and cleaning supplies.
10    Plaintiff alleges that defendant Jones filed a rules violation report against him,
11 claiming that plaintiff had refused to follow a "direct order."  Plaintiff alleges that defendant
12 Jones filed the report in retaliation for plaintiff's statement that he intended to file a 602.
13 Plaintiff also alleges that defendant Jones falsely accused him of making derogatory statements
14 and using profanity.
15    On October 14, 2004, Lieutenant Hammans, the senior hearing officer, found
16 plaintiff guilty of the rules violation.  Plaintiff alleges that defendant Hammans violated
17 plaintiff's procedural due process rights by failing to consider exculpatory evidence in the form
18 of statements made by Sergeant Kennedy and Correctional Officer Till.  Plaintiff also alleges that
19 defendant Hammans falsely included in the hearing record that plaintiff waived his right to the
20 requested witnesses.
21    Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive
22 damages.  Plaintiff also requests appointment of counsel.
23    Plaintiff's complaint appears to state cognizable claims for relief pursuant to 42
24 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff
25 has a reasonable opportunity to prevail on the merits of this action.
26 /////

In response to plaintiff's request for appointment of counsel, plaintiff is advised that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 1, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: J. Jones and B. Hammans.

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed April 11, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

/////

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Three copies of the endorsed complaint filed April 11, 2007.

  6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  7. Plaintiff's April 11, 2007 request for appointment of counsel is denied.

DATED: June 18, 2007.

                /s/ Dale A. Drozd
                DALE A. DROZD
                UNITED STATES MAGISTRATE JUDGE

DAD:9
cohe0694.1a

```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   DANNY JAMES COHEA,
11           Plaintiff,                  No. CIV S-07-0694 FCD DAD P
12      vs.
13   J. JONES, et al.,                   NOTICE OF SUBMISSION
14           Defendants.                 OF DOCUMENTS
15   _____/
16           Plaintiff hereby submits the following documents in compliance with the court's
17   order filed _____:
18           _____  one completed summons form;
19           _____  two completed USM-285 forms; and
20           _____  three true and exact copies of the complaint filed April 11, 2007.
21   DATED: _____.
22
23                                              _____
                                                Plaintiff
24
25
26
```