1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY JAMES COHEA,

11              Plaintiff,                    No. CIV S-07-0694 FCD DAD P

12        vs.

13   J. JONES, et al.,                        ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On September 26, 2007, defendants Jones and Hammans

18   filed a motion to dismiss the case on the grounds that plaintiff failed to exhaust available

19   administrative remedies prior to bringing this action.  Plaintiff has filed a timely opposition, and

20   defendants have filed a timely reply.

21                              **PLAINTIFF'S CLAIMS**

22              In his complaint, plaintiff alleges that he informed defendant Jones that his cell

23   had a plumbing problem that was in need of repair.  (Compl. at 4.)  Two inmate plumbers tried

24   but were unable to fix the plumbing problem.  (Id. at 5.)  They told defendant Jones and plaintiff

25   that a staff plumber should handle the problem.  (Id.)  They also informed defendant Jones and

26   /////

1

1 plaintiff that the cell had unsanitary conditions.  (Id.)  Raw sewage had spilled around the sink

2 area and surrounding floor area.  (Id.)

3          Plaintiff offered to clean the cell and requested plastic gloves and disinfectant, but

4 defendant Jones refused his requests.  (Compl. at 5-6.)  Defendant Jones said "[a]lright lock it

5 up," suggesting that plaintiff and his cellmate should return to their cell.  (Id.)  Plaintiff told

6 defendant Jones that he was going to file a 602 against him for attempting to make them go back

7 into an unsanitary cell without the necessary cleaning supplies and requested to see a sergeant.

8 (Id.)  In response, defendant Jones gave plaintiff and his cellmate a "direct order" to re-enter the

9 cell.  (Id. at 7.)  Plaintiff refused and asked again to see a sergeant.  (Id.)  Defendant Jones

10 declined the request and warned plaintiff that he was going to call floor correctional staff to

11 escort plaintiff and his cellmate to holding cells for administrative segregation.  (Id.)

12          Plaintiff explained to defendant Jones that he was not going back into the cell.

13 (Compl. at 7.)  Defendant Jones called Correctional Officers Till and Bishop.  (Id. at 7.)  Plaintiff

14 asked them to look into the cell to see its condition.  (Id.)  The officers did so and agreed that

15 they too would not go into the cell.  (Id.)  Correctional Officer Till then handcuffed plaintiff and

16 his cellmate and escorted them to holding cells.  (Compl. at 7.)  Plaintiff asked Correctional

17 Officer Till to tell Sergeant Kennedy about the conditions of the cell.  (Id. at 8-9.)

18          Sergeant Kennedy later informed plaintiff that he had spoken to Correctional

19 Officer Till and decided to condemn the cell because of the plumbing.  (Compl. at 9.)  Sergeant

20 Kennedy then released plaintiff and his cellmate to pack up their property and move to another

21 cell.  (Id.)  Plaintiff informed Sergeant Kennedy that he was willing to clean the cell, and

22 Sergeant Kennedy instructed Correctional Officer Till to escort plaintiff and his cellmate back to

23 the cell and supply them with plastic gloves and cleaning supplies.  (Id.)

24          Plaintiff alleges that defendant Jones filed a rules violation report against him,

25 claiming that plaintiff had refused to follow a "direct order."  (Compl. at 10.)  Plaintiff alleges

26 that defendant Jones filed the report in retaliation for plaintiff's statement that he intended to file

1   a 602.  (Id.)  Plaintiff also alleges that defendant Jones falsely accused him of making derogatory

2   statements and using profanity.  (Id.)

3            On October 14, 2004, Lieutenant Hammans, a senior hearing officer, found

4   plaintiff guilty of the rules violation.  (Compl. at 10-11.)  Plaintiff alleges that defendant

5   Hammans violated plaintiff's procedural due process rights by failing to consider exculpatory

6   evidence in the form of statements made by Sergeant Kennedy and Correctional Officer Till.  (Id.

7   at 10.)  Plaintiff also alleges that defendant Hammans falsely included in the hearing record that

8   plaintiff waived his right to the requested witnesses.  (Id. at 11.)

9            Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive

10   damages.  (Compl. at 12.)

11                      **DEFENDANTS' MOTION TO DISMISS**

12   I.  Defendants' Motion

13            Defendants argue that plaintiff failed to properly exhaust his administrative

14   remedies prior to filing this suit.  (Defs.' Mot. to Dismiss at 5.)  In support of their argument,

15   defendants have attached to their motion the declaration of G. Nunez, Litigation Coordinator at

16   Calipatria State Prison, and N. Grannis, Chief of the Inmate Appeals Branch.

17            Defendants contend that plaintiff did not properly exhaust available administrative

18   remedies because he did not pursue any grievance through the highest level of review.  (Defs.'

19   Mot. to Dismiss at 5.)  Defendants rely on the Nunez declaration, in which Nunez declares that

20   "there are no grievances submitted by Cohea regarding that disciplinary action or the events of

21   September 19, 2004."  (Nunez Decl. at 2.)  Defendants also point to the Grannis declaration, in

22   which Grannis similarly declares that "[t]here are no grievances submitted by Cohea and

23   accepted for review by IAB regarding that disciplinary action or the events of September 19,

24   2004, that were reviewed and answered at the Director's level."  (Grannis Decl. at 2.)

25            Defendants conclude that the court should dismiss this action because plaintiff

26   failed to exhaust his administrative remedies prior to bringing this lawsuit.

1   II.  Plaintiff's Opposition

2          In opposition, plaintiff acknowledges that CDCR records do not reflect that he

3   pursued an appeal regarding defendants' actions to the highest level.  However, he maintains that

4   "special circumstances" exist in this case.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 6.)

5   Specifically, plaintiff explains that on October 12, 2004, New Folsom Prison placed him on a list

6   to be transferred to Corcoran State Prison.  (Id. at 7.)  Plaintiff notes that his prison disciplinary

7   hearing was held on September 14, 2004, but that he did not receive a final copy of the

8   disposition of the hearing until October 25, 2004.  (Id.)  By that time, according to plaintiff, he

9   had packed all his property including legal materials for transfer.  (Id.)  For this reason, plaintiff

10  contends that he was unable to appeal the disciplinary conviction before he was transferred. (Id.

11  at 8.)

12         Plaintiff goes on to explain that he did not receive his property at CSP-Corcoran

13  until December 6, 2004.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 8.)[1]  Plaintiff argues that

14  defendants' (and their agents') failure to return his property, including his legal materials,

15  constitutes "special circumstances" relieving him of the obligation to comply with the exhaustion

16  requirement.  (Id.)  Plaintiff also points to the CDCR's tracking sheet, listing of all of his appeals,

17  and contends that these records make it clear that he has properly exhausted many other appeals

18  under normal circumstances.  (Id. at 6.)

19         Finally, plaintiff notes that, under CDCR policy, inmate appeals are considered

20  incomplete when all necessary documents are not attached and when appeals are submitted past

21  certain time limits.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 10.)  Plaintiff asserts that, based on

22  his reasonable belief that prison regulations foreclosed any available administrative remedies, he

23  /////

24

25         [1] Plaintiff contends that he was transferred him again on February 9, 2006, from
    Corcoran to Calipatria State Prison and did not receive his property at Calipatria until July 27,
26  2006.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 9.)

1  was justified in failing to exhaust his administrative grievances.  (<u>Id.</u> at 11.)  Plaintiff concludes

2  that defendants' motion to dismiss should therefore be denied.  (<u>Id.</u> at 12.)

3  III.  <u>Defendants' Reply</u>

4          In their reply defendants argue that plaintiff has conceded that he did not exhaust

5  his grievance before bringing this action.  (Defs.' Reply at 1.)  Defendants contend that plaintiff's

6  argument that he was excused from doing so because the grievance procedure was not available

7  to him due to his "special circumstances" is misplaced.  (<u>Id.</u> at 1-2.)  In this regard, defendants

8  assert that plaintiff's argument that his transfer made it impossible for him to exhaust his

9  administrative remedies is speculative and unsupported by any evidence.  (Defs.' Reply at 2.)

10  Defendants note that, even if prison officials had denied plaintiff's grievance for failing to

11  include a copy of the disciplinary action, he could have appealed that action or filed another

12  grievance complaining about the denial of the first grievance.  (<u>Id.</u>)

13          Defendants argue that plaintiff has failed to produce any evidence that prison

14  officials would not have allowed him to obtain the documentation necessary to proceed with a

15  grievance.  (Defs.' Reply at 2.)  Defendants maintain that plaintiff simply chose not to submit a

16  grievance and then waited more than two years before bringing this action without ever

17  exhausting the available administrative remedies.  (<u>Id.</u>)  Defendants conclude that plaintiff's

18  failure to exhaust administrative remedies is inexcusable and their motion to dismiss should be

19  granted.  (<u>Id.</u>)

20  IV.  <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

21          By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42

22  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

23  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

24  prison, or other correctional facility until such administrative remedies as are available are

25  exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

26  /////

1   prison life, whether they involve general circumstances or particular episodes, and whether they

2   allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

3          The Supreme Court has ruled that exhaustion of prison administrative procedures

4   is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S.

5   731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into

6   the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a

7   prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise

8   procedurally defective administrative grievance or appeal. Woodford v. Ngo, __ U.S. __, 126 S.

9   Ct. 2378, 2382 (2006).

10         In California, prisoners may appeal "any departmental decision, action, condition,

11   or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code

12   Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal

13   levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also

14   referred to as the director's level, is not appealable and will conclude a prisoner's administrative

15   remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is

16   required to submit an inmate appeal at the appropriate level and proceed to the highest level of

17   review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005);

18   Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

19         The PLRA exhaustion requirement is not jurisdictional but rather creates an

20   affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v.

21   Bock, __U.S.__, __, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or

22   demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th

23   Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). The defendant bears the

24   burden of raising and proving the absence of exhaustion. Wyatt , 315 F.3d at 1119. "In deciding

25   a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the

26   pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the

1    pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a

2    procedure closely analogous to summary judgment – then the court must assure that [the

3    prisoner] has fair notice of his opportunity to develop a record."[2]  Id. at 1120 n.14.  When the

4    district court concludes that the prisoner has not exhausted administrative remedies on a claim,

5    "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120.  See also Lira v.

6    Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied ___U.S.___, 127 S. Ct. 1212 (2007).

7    On the other hand, "if a complaint contains both good and bad claims, the court proceeds with

8    the good and leaves the bad."  Jones, 127 S. Ct. at 924.

9    V.  Discussion

10                Plaintiff concedes that he failed to exhaust his administrative remedies but

11   attributes his non-exhaustion to the "special circumstances" he faced.  A prisoner's concession

12   that he failed to exhaust is a valid ground for dismissal of an action.  Wyatt, 315 F.3d at 1120.  If

13   a court concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the

14   proper remedy is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.

15                Even if plaintiff had not conceded his failure to exhaust, the court would still find

16   that plaintiff failed to exhaust his administrative remedies prior to filing this action.  The Prison

17   Litigation Reform Act requires a prisoner to exhaust his administrative remedies as long as the

18   administrative authorities can take some action in response to the complaint.  See Booth, 532

19   U.S. at 733-34; see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to

20   exhaust 'available' remedies persists as long as some remedy remains 'available.").  In the

21   present case, plaintiff failed to pursue any grievance regarding defendants' alleged conduct

22   through the highest level of the grievance process.  (Grannis Decl., Attachs. 1 & 2.)  As noted

23   above, the Supreme Court has ruled that exhaustion of prison administrative procedures is

24   /////

25   _____

26        [2]  Plaintiff was notified of the requirements for opposing a motion to dismiss brought
     pursuant to non-enumerated Rule 12(b) on July 23, 2007.  (Order filed July 23, 2007 at 3-4).

1    mandatory.  Booth, 532 at 741.  The Court has also cautioned against reading futility or other

2    exceptions into the statutory exhaustion requirement.  Id. at 741 n.6.

3            While there may nonetheless be some circumstances involving the transfer of

4    prisoners that make their exhaustion of administrative remedies impossible and therefore

5    excused, this is not one of them.  The incident plaintiff complains about in his complaint took

6    place on September 19, 2004.  He filed no administrative grievance at New Folsom State Prison

7    where he was incarcerated at the time.  To the extent that resolution of the disciplinary charge

8    against plaintiff stemming from the alleged incident is relevant, that charge was issued on

9    September 26, 2004 and plaintiff was found guilty of disobeying an officer at a hearing held on

10   October 14, 2004.  Plaintiff filed no administrative appeal despite the fact that he was not

11   transferred to CSP-Corcoran until October 26, 2004, at the earliest.[3]  Plaintiff's argument that he

12   could not commence exhaustion of his remedies at that time because he did not have possession

13   of his legal material which were packed in anticipation of his transfer, is unpersuasive.  The

14   grievance and appeal forms are relatively simple documents that do not require legal research to

15   complete.  Finally, plaintiff's transfer was between institutions under the control of the California

16   Department of Corrections and Rehabilitation (CDCR) and governed by the same regulations

17   regarding administrative grievances.  That grievance procedure was still available to plaintiff and

18   his transfer to institutions within the same prison system cannot excuse his failure to properly

19   exhaust his administrative remedies.  See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35

20   (1st Cir. 2002) (holding that the fact a prisoner is transferred to various locations and under the

21   custody of different officials, does not affect his obligation to exhaust administrative remedies

22   before filing suit); Bradley v. Washington, 441 F. Supp. 2d 97, 103 (D.D.C. 2006) ("This case is

23   accordingly unlike those concerning inmates transferred between facilities of the same

24   _____

25        [3]  The court notes that plaintiff never filed a grievance or an appeal between the time of
     the September 19, 2004 incident about which he complains and the filing of this civil rights
26   action over two-and-a-half years later on April 11, 2007.

department-transfers which leave the inmate's access to agency grievance procedures intact and, as a result, have no impact on the inmates' obligation to exhaust the agency's administrative remedies."); Howse v. Walker, No. Civ. S-06-0331 DFL DAD P, 2007 WL 201161, *4 (E.D. Cal. Jan. 24, 2007).

Accordingly, the court finds that defendants, who have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies, have carried their burden. See Jones, 127 S. Ct. at 921; Wyatt, 315 F.3d at 1117-19 & nn.9 & 13. Defendants' motion to dismiss should therefore be granted, and this action should be dismissed without prejudice.[4]

## OTHER MATTERS

Plaintiff has filed what appears to be a request for a temporary retraining order. In the request, plaintiff alleges that he has been denied access to the library and that agents of defendants at CSP-Calipatria have been obstructing his access to legal services and supplies. In light of the court's recommendation that this action be dismissed for failure to exhaust administrative remedies, plaintiff's request will be denied.

## CONCLUSION

In accordance with the above:

IT IS HEREBY ORDERED that plaintiff's October 31, 2007 request for a temporary restraining order be denied; and

IT IS HEREBY RECOMMENDED that defendants' September 26, 2007 motion to dismiss be granted and plaintiff's action be dismissed due to plaintiff's failure to exhaust administrative remedies.

---

[4] In their motion to dismiss, defendants note that they also seek an order dismissing plaintiff's Fourteenth Amendment claims for failure to state a cognizable claim. However, defendants never addressed this argument any further. In any event, the court will not address the issue given the recommendation set forth above that the action be dismissed due to plaintiff's failure to exhaust administrative remedies.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: January 11, 2008.

10

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

13  DAD:9
    cohe0694.57

14

15

16

17

18

19

20

21

22

23

24

25

26